IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAUNDREA CASSEL PEAL,
#00364-120                                                                                         PETITIONER

VS.                                                          CIVIL ACTION NO.  3:20-cv-389-CWR-FKB

STEVEN REISER, WARDEN                                                            RESPONDENT

**REPORT AND RECOMMENDATION**

Deaundrea Cassel Peal is a federal inmate who filed this petition [1] for habeas corpus pursuant 28 U.S.C. § 2241, challenging the computation of his sentence.  Peal has also filed a Motion for Judgment on the Pleadings [14].  The Respondent, Warden Steven Reiser, has filed responses to both filings arguing that Petitioner has failed to exhaust his administrative remedies. *See* [7], [15].  Having considered the filings, the undersigned recommends that the Respondent be required to respond substantively to Peal's petition challenging his sentence computation. Furthermore, the undersigned recommends that Peal's Motion for Judgment on the Pleadings [14] be denied without prejudice, as premature.

    I.    FACTS AND PROCEDURAL HISTORY

Peal is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"), where he is serving a 204-month sentence following his guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(A)(viii), and 851(a).  *United States v. Peal*, Crim. Action No. 1:17-CR-28-3-LAG-TQL (M.D. Ga. Feb. 9, 2018) [245] (Judgment).[1]  According to the website

---

[1] Pursuant to the Judgment, on February 9, 2018, Peal was initially sentenced to a term of 240 months, followed by ten years of supervised release, plus assessments.  *Peal*, Crim. Action No. 1:17-cv-CR-38-3-LAG-TQL, at [245] at 2.  The Judgment states that "[t]he term of imprisonment is to run concurrently with any term of imprisonment that

of the Bureau of Prisons ("BOP"), Peal's projected release date is July 26, 2031. *See* https://www.bop.gov/inmateloc/ (last visited July 27, 2023). Petitioner claims that the BOP has wrongfully failed to give him credit for the time he spent in state custody on a parole violation while his federal criminal case was pending, from May 19, 2017 until January 29, 2018. [1] at 2.[2] Indeed, a November 6, 2018 Sentence Monitoring Computation Data sheet, submitted by Peal, appears to give him 256 days of Jail Credit for the May 19, 2017 to January 29, 2018 time period. [1-1] at 7. However, a similar report, dated January 3, 2019, gives him zero days of total jail credit. *Id.* at 8.

Peal has submitted copies of his attempts to exhaust administrative remedies, but he asserts that he has exhausted because the BOP failed to respond in a timely manner to his various appeals. *See* [1] at 2-3; [1-1] at 1-4; [9-1]. In support of his response, Respondent has submitted the declaration of Lisa Singleton, the BOP employee responsible for processing administrative remedy requests at FCC-Yazoo, along with relevant portions of Petitioner's file. Ms. Singleton states in her affidavit that she has reviewed Peal's administrative remedy history and identified

---

may be served in connection with the pending parole revocation in Ben Hill County Superior Court Docket Number 05CR176 and 06CR228." *Id.* at 2. According to documents submitted by Petitioner, parole in Docket Number 05CR176 terminated on September 14, 2015, but parole in Docket Number 06CR228 is still active and expires on June 10, 2037. [1-1] at 5. On June 13, 2018, Peal's term of imprisonment was reduced to a term of 204 months based on Rule 35. *See Peal*, Crim. Action No. 1:17-cv-CR-38-3-LAG-TQL, at [287] (Order). The District Court subsequently denied Peal's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(B), noting that attorneys for the defense and the government agreed that Peal was not eligible for a reduction in sentence based on the First Step Act of 2018. *Id.*

[2] The Court also observes that a July 18, 2017 pretrial order states that "[i]n light of pending state charges, Defendant has now consented to federal pretrial detention, reserving his right to seek a detention hearing at a later time should the state charges be dismissed or otherwise terminated. (Doc. 98). **The Defendant is accordingly ordered detained and is remanded to the custody of the U.S. Marshal.**" *See Peal*, Crim. Action No. 1:17-cv-CR-38-3-LAG-TQL, at [99] (Order) (emphasis in original).

2

four remedy series related to this claim, Remedy ID 993152. [7-1] at 3.[3] Singleton contends that Peal failed to exhaust his administrative remedies. *Id.*

II.     DISCUSSION

The Fifth Circuit has held that "exhaustion of administrative remedies is a prerequisite to filing a section 2241 petition." *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). However, the exhaustion requirement for § 2241 petitions is "judicially created" and may be waived, provided that a petitioner demonstrates "extraordinary circumstances." *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003)(noting that "exhaustion requirements of 42 U.S.C. § 1997e(a) do not apply to a properly filed section 2241 petition."). "Although the exhaustion doctrine does not require that the [highest tier of administrative review] actually rule on the merits [of a § 2241 petitioner's] claims, it does require that [a petitioner] present the claims to [the highest tier of review], thereby giving it an opportunity to review the decision reached by" the lower tiers of the administrative

---

[3] The BOP's administrative remedy process is as follows. First, an inmate must attempt to informally resolve the issue with staff. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must submit a formal written request (form BP-9) to the warden within twenty days after the date on which the basis for the request occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the warden's response, he may proceed to step three by submitting an appeal (form BP-10) to the regional director within twenty days of the date of the warden's response. 28 C.F.R. § 542.15. Finally, if the inmate is not satisfied with the regional director's response, the inmate may submit an appeal (form BP-11) to the general counsel within thirty days of the regional director's response. 28 C.F.R. § 542.15. Once a request is filed, "response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." 28 C.F.R § 542.18. Extensions to respond to the request may be given, and "[s]taff shall inform the inmate of this extension in writing." *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* "Upon completing this multiple-tiered review process, federal inmates have exhausted their administrative remedies required for filing a § 2241 petition." *Mihailovich v. Berkebile*, No. 3:06-cv-1603-N ECF, 2007 WL 942091, *6 (N.D. Tex. Mar. 28, 2007).

process. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(reviewing dismissal of § 2241 petition challenging Parole Commission decision based on petitioner's failure to exhaust).

Based on a review of the filings of both Petitioner and Respondent, the undersigned finds that Petitioner has completed the multi-tiered review process, thus he has effectively exhausted his administrative remedies. *Mihailovich*, 2007 WL 942091 at *6. Alternatively, Peal has demonstrated "extraordinary circumstances that would warrant waiver of the exhaustion requirement." *Fuller*, 11 F.3d at 62. Based on the filings, both the Warden and the Regional Office failed to respond to Peal's formal written administrative remedies within the time allowed by the Code of Federal Regulations. Peal signed his BP-9 on September 12, 2019, and it was accepted by the Warden on October 6, 2019. [7-2] at 3, [9-5] at 1. The records demonstrate that the Warden failed to respond within the twenty days allotted by 28 C.F.R. § 542.14. [9-10]; *see also* [7-2] at 2. Accordingly, Peal could "consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Peal signed his Regional Administrative Remedy Appeal (BP-10) on October 10, 2019, and it was received at the Regional Office on October 17, 2019. [1-1] at 3. The Regional Director failed to respond within the 30 calendar days allotted under the regulations, therefore Peal could "consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. Moreover, there is no record of grants of written extensions to respond at either the institutional or Regional Office levels.

Peal submitted his appeal to the Central Office (Office of the General Counsel) on January 15, 2020, and it was received on January 24, 2020. [9-4] at 1; [7-1] at 3; [7-2] at 3. On

January 31, 2020, the Central Office rejected his appeal with a notation acknowledging that the Warden failed to respond timely to his Request.  *See* [9-5] at 1.  Rather than address the substantive issue that was rightfully before it, the Central Office directed him to file his appeal at the Regional Office or Regional Level, stating that his appeal was never received at the "Region."  *Id.*  It made this finding despite its own records to the contrary, *see* [7-2] at 2, and Peal's later protest.  *See* [9-6].

As the foregoing narrative demonstrates, it appears that the BOP did not adhere to the rules governing the Administrative Remedy process, as set forth in 28 C.F.R. § 542.  Peal presented his complaint to each and every level – staff, Warden, Regional Office, and Central Office.  Under the procedure, Petitioner had the right to (and did) appeal to the next level each time a level failed to respond timely (specifically, the Warden and Regional Office) and in doing so, he reached the final step with the Central Office.  Petitioner's appeal was properly before the Central Office, and the Central Office had an opportunity to substantively address his appeal.  But instead, the General Counsel at the Central Office chose not to substantively address Petitioner's appeal, erroneously concluding that Peal had not appealed to the Regional Office.  Under these circumstances in which Petitioner timely appealed through each level and to the General Counsel, but the General Counsel chose (based on erroneous grounds) not to address the substantive issue raised by Petitioner, the undersigned finds that Petitioner has completed the multi-tiered administrative review process.  Alternatively, the undersigned finds that Peal has

demonstrated "extraordinary circumstances," warranting a waiver of the exhaustion requirement. *See Mayberry*, 74 F. App'x at 299.

### III.   CONCLUSION

For the reasons stated above, the undersigned finds that Respondent should be required to respond to the substantive issues presented by Peal's § 2241 petition. Furthermore, the undersigned recommends that Peal's Motion for Judgment on the Pleadings should be denied as premature, without prejudice, because "the pleadings are [not yet] closed." *See* Fed. R. Civ. P. 12(c). Should this Report and Recommendation be adopted, the undersigned recommends that Respondent be given thirty (30) days from its adoption to respond substantively to the Petition.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of July, 2023.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).