IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAUNDREA CASSEL PEAL,
#00364-120                                                              PETITIONER

VS.                                          CIVIL ACTION NO.  3:20-cv-389-CWR-FKB

STEVEN REISER, WARDEN                                                RESPONDENT


## REPORT AND RECOMMENDATION

Deaundrea Cassel Peal is a federal inmate who challenges his sentence computation in this petition [1] for habeas corpus, filed pursuant 28 U.S.C. § 2241.  After Peal cleared initial procedural hurdles related to exhaustion, *see* R. & R. [16], the Respondent filed his substantive Response [21] to the petition.  Peal has not filed a rebuttal, even though the Court granted him two extensions.  *See* Text Only Orders 9/14/23 and 10/10/23.  For the reasons explained below, the undersigned recommends that the petition be denied.

Peal is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"), where he is serving a 204-month sentence following his guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(A)(viii), and 851(a).  *United States v. Peal*, Crim. Action No. 1:17-CR-28-3-LAG-TQL (M.D. Ga. Feb. 9, 2018) J. [245].[1]  According to the website of the

---

[1] On January 30, 2018, Peal was sentenced to a term of 240 months, followed by ten years of supervised release, plus assessments.  *Peal*, Crim. Action No. 1:17-cv-CR-38-3-LAG-TQL, at [245] at 2; *see also* Min. Entry [238].  The Judgment, entered on February 9, 2018, states that "[t]he term of imprisonment is to run concurrently with any term of imprisonment that may be served in connection with the pending parole revocation in Ben Hill County Superior Court Docket Number 05CR176 and 06CR228."  *Id.* at 2.  According to documents submitted by Petitioner, parole in Docket Number 05CR176 terminated on September 14, 2015, but parole in Docket Number 06CR228 is still active and expires on June 10, 2037.  [1-1] at 5.  On June 13, 2018, Peal's term of imprisonment was reduced to a term of 204 months based on Rule 35.  *See Peal*, Crim. Action No. 1:17-cv-CR-38-3-LAG-TQL, at Order [287].  The District Court subsequently denied Peal's Motion for Sentence Reduction pursuant to 18 U.S.C. §

Bureau of Prisons ("BOP"), Peal's projected release date is July 26, 2031.  *See*

https://www.bop.gov/inmateloc/ (last visited December 11, 2023).

Petitioner claims that the BOP has failed to give him credit for the time he spent in state

custody on a state parole violation while his federal criminal case was pending, from May 19,

2017 until January 29, 2018.  [1] at 2.  Indeed, a November 6, 2018 Sentence Monitoring

Computation Data sheet, submitted by Peal, appears to give him 256 days of Jail Credit for the

period of May 19, 2017 to January 29, 2018 and gives him a projected satisfaction date of March

10, 2032.  [1-1] at 7.[2]  However, a similar report, dated January 3, 2019, allocates him zero days

of total jail credit and gives him a projected satisfaction date of November 21, 2032.  *Id.* at 8.

Both reports date the computation from January 30, 2018, Peal's sentencing date.  *Id.* at 7-8.  A

Sentence Computation Report from the Georgia Department of Corrections, dated April 20,

2018, confirms that the State of Georgia revoked Peal's parole on several cases, including

06CR228, but gave him credit for time served from February 24, 2014 to April 16, 2018.  [21-6]

at 2.

The computation of a defendant's sentence based on prior custody time credit is

controlled by 18 U.S.C. § 3585(b), which states:

> [a] defendant shall be given credit toward the service of a term of imprisonment
> for any time he has spent in official detention prior to the date the sentence
> commences –

---

3582(c)(1)(B), noting that attorneys for the defense and the government agreed that Peal was not eligible for a
reduction in sentence based on the First Step Act of 2018.  *Id.*

[2] The report remarks that Peal's "SENT TO RUN CC W/STATE. WILL REVISIT ONCE I/M IS SENT ON
PAROLE REVOKE. . . ." *Id.*  The remaining remarks are illegible.  *Id.*

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(1984)(emphasis added).

"[A] district court is not authorized to decide the amount of credit that a defendant receives.  Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."  *United States v. Bernal-Gloria*, 732 F. App'x 322, 322 (5th Cir. 2018)(per curiam).  "A federal sentence begins to run on the date that a 'defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which sentence is to be served.'"  *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003)(quoting 18 U.S.C. § 3585(a)).  Even so, the "earliest date a federal sentence can commence is the date on which it is imposed."  *Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, *3 (E.D. Tex. Feb. 9, 2010)(citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) and BOP Program Statement 5880.28).  "This is true even if a sentence is to run concurrent with a previously imposed term."  *Id.* (finding that "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

The *Ramirez* court described the interplay between state and federal jurisdictions for sentence computation purposes, as follows:

3

> [t]he sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence.

*Id.* (citations omitted).

Likewise, Peal is not entitled to credit against his federal sentence for the time he served in state custody prior to the imposition of his federal sentence. In Peal's case, he was already in state custody on state criminal charges when the United States Marshal Service arrested him and took custody of him on July 10, 2017, pursuant to a writ of habeas corpus ad prosequendum based on federal drug charges. *See* [21-2]; *Peal*, Crim. Action No. 1:17-CR-28-LAG-TQL at Order [49], Arrest Warrant [97]. Although Peal remained in pretrial detention with the Marshal Service at various county jails as a result of the writ of habeas corpus ad prosequendum, the state retained primary jurisdiction over him. [21-2] at 2; *Ramirez*, 2010 WL 519731, at *3. The United States District Court for the Middle District of Georgia imposed its sentence on January 30, 2018. [21-3]. Accordingly, the earliest date that his sentence could start was January 30, 2018, even if the sentencing court imposed it to run concurrently with a previously-imposed state term. *Ramirez*, 2010 WL 519731, at *3. And after the State of Georgia revoked Peal's parole and gave him credit for the period of May 19, 2017 until January 29, 2018, § 3585(b) precluded credit toward his federal sentence for those 256 days. *See* [21-6] at 1-3.

4

For these reasons, the undersigned finds no error in the BOP's calculation of Peal's sentence as it relates to his claim of prior custody credit.  Therefore, the undersigned recommends that Peal's § 2241 petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of December, 2023.


/s/ F. Keith Ball                                    .
UNITED STATES MAGISTRATE JUDGE

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

5